UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LYLE JOSEPH SHINNABERRY,

    Plaintiff,

v.                                                  Case No. 2:13-cv-163
                                                    HON. TIMOTHY P. GREELEY

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION**

        Plaintiff Lyle Shinnaberry was born on June 26, 1988, and has never worked.  See Transcript of Administrative Hearing at page 58-59 (hereinafter Tr. at __).  Plaintiff applied for Supplemental Security Insurance (SSI) on February 25, 2010.  Tr. at 94-100.  The Social Security Administration denied Plaintiff's claim for SSI on July 19, 2010.  Tr. at 67.  On September 30, 2010, Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  Tr. at 71-72.  ALJ Robert L. Bartelt, Jr., presided over a hearing held on January 26, 2012, at which Plaintiff was represented by attorney Gabe Cameron.  Tr. at 19.  Testifying at the hearing were Plaintiff and vocational expert David Ostwald.  Tr. at 21-57.  On April 24, 2012, the ALJ issued a decision finding Plaintiff not under a disability as defined by the Social Security Act.  Tr. at 9-15.  Plaintiff filed a Request for Review of Hearing Decision/Order on May 17, 2012.  Tr. at 5.  The Appeals Council denied Plaintiff's request for a review of the ALJ's decision on March 7, 2013.  Tr. at 1. Plaintiff then filed this action.[1]

---

[1] Both parties consented to proceed before a Magistrate Judge on July 18, 2013.

Plaintiff suffers from Scheuermann's Kyphosis, which is a deformity in the back that causes pain. Tr. at 152. The condition could be helped by surgery, however, Plaintiff's doctor has recommended that Plaintiff lose approximately a hundred pounds before having surgery due to the complexity and length of the surgical procedure. Tr. at 152-153. Plaintiff does not take any prescription or over-the-counter or non-prescription medications to treat his pain, does not perform any other routines or procedures to relieve the pain such as a heating pad or ice, and does not consult a doctor regularly to address his pain. Tr. at 46. Plaintiff testified that he could lift "a gallon of milk" without significant pain, could sit comfortably for "10, maybe five minutes, 10 minutes" without needing to stand or walk around, and could walk "two to three blocks" without needing to sit and take a rest. Tr. at 31, 34.

The vocational expert testified at the hearing that a person with Plaintiff's education and physical condition needing to change positions during the work itself in addition to usual breaks, could perform a multitude of positions which would be sedentary and in a relatively clean air setting, including "order clerk food and beverage," "surveillance systems monitors," "inspectors and testers and sorters,, "hand packer, packager jobs, sealer jobs," and "hand workers and/or assemblers," with up to 8,000 of these positions found in Michigan. Tr. at 53-54. When asked if the limitations expressed by Plaintiff in his testimony were added to the hypothetical, the vocational expert testified that no jobs existed because of the ability to only stand for five minutes before needing to sit for five to ten minutes, as well as the bending and stooping limitations because bending forward and backward is necessary in any kind of work, particularly when items are below the waist. Tr. at 54. However, in sedentary work and/or light work, stooping is not a limitation and a person similarly situated can generally perform those duties. *Id.*

The Neurological and Orthopedic Supplemental Report, dated June 11, 2010, performed by R. Scott Lazarra, M.D., a doctor of internal medicine with Michigan Medical Consultants, found "squat and arise from squatting" Plaintiff's only physical limitation. Tr. at 159-164. The report stated Plaintiff could lift about 20 pounds, sit for about 30 minutes, stand for about 40 minutes, and walk for about a block. Tr. at 161. Although Dr. Lazarra reported Plaintiff's Scheuermann's kyphosis will worsen over time and could not be corrected, at the time of the examination he found the prognosis was fair. Tr. at 164.

On March 11, 2012, Plaintiff saw Dr. Tama D. Abel with Michigan Medical Consultants, CP, as requested by Disability Determination Services. Tr. at 174-180. The examination found mild difficulty with squatting and arising, balancing, kneeling and crawling, and performing the tandem walk; all other tests were normal. *Id.* Dr. Abel also completed a Medical Source Statement of Ability To Do Work-Related Activities on the same date, finding Plaintiff can continuously lift 51 to 100 pounds, sit, stand, walk for eight hours without interruption, sit, stand, walk for an eight hour work day, and finding no other limitations. Tr. at 182-187.

The findings of the ALJ are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y, Human and Health Serv.*, 945 F.2d 1365, 1369 (6th Cir. 1991). The ALJ's decision cannot be overturned if sufficient evidence supports the decision regardless of whether evidence also supports a contradictory conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). This Court must affirm the ALJ's findings if sufficient evidence supports the decision even if evidence supports an alternative conclusion.

The ALJ must employ a five-step sequential analysis to determine if Plaintiff is under a disability as defined by the Social Security Act. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If the ALJ determines Plaintiff is or is not disabled under a step, the analysis ceases and Plaintiff is declared as such. 20 C.F.R § 404.1520(a). Steps four and five use the residual functional capacity assessment in evaluating the claim. *Id.* At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since February 11, 2010, the date of the application. Tr. at 11. At step two, the ALJ determined Plaintiff has the severe impairments of Scheuermann's kyphosis and obesity. *Id.* At step three, the ALJ determined Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1. *Id.* At step four, the ALJ determined Plaintiff had the residual functional capacity to perform sedentary work, as defined in 20 C.F.R. 416.967(a), "that allows [Plaintiff] to alternate between sitting and standing after sitting for thirty minutes and standing for five minutes, and involves no more than occasional bending or twisting, and no significant exposure to dust or fumes". Tr. at 12. At step five, the ALJ determined there were jobs that existed in significant numbers in the national economy that the claimant could perform. Tr. at 14.

Plaintiff suffers from a condition that will worsen over time. Although he complains of debilitating pain, Plaintiff fails to treat this pain with medication or by other methods. He suffers no mental condition prohibiting him from working. There is substantial evidence in the record supporting the finding that Plaintiff is capable of performing sedentary and light work, which is available in the region. This Court must uphold the Commissioner's decision if it is supported by substantial evidence. After reviewing the record, I conclude that there is substantial evidence supporting the Commissioner's decision. The medical evidence of record does not support

Plaintiff's claim that he is completely unable to perform work. The record provides substantial support to the Commissioner's decision that Plaintiff is not under a disability as defined by the Social Security Administration.

Accordingly, the decision of the Commissioner is AFFIRMED and Plaintiff's request for relief is DENIED.

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   May 29, 2014